IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

CHARLES BAYS                                                                                                    PLAINTIFF

vs.                                           Civil No. 6:16-cv-06031-BAB

NANCY A. BERRYHILL                                                                                       DEFENDANT
Acting Commissioner, Social Security Administration[1]

**MEMORANDUM OPINION**

Charles Bays ("Plaintiff") brings this action under 42 U.S.C. § 405(g), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying his claim for a period of disability and disability insurance benefits ("DIB") under Title II of the Social Security Act ("The Act").

The Parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 5).[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.      Background:**

Plaintiff protectively filed his disability application for DIB on March 15, 2013. (ECF No. 10, pp. 18, 213). In his application, Plaintiff alleges being disabled due to neck injury, back

---

[1] Nancy A. Berryhill is now the Acting Commissioner of Social Security. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Nancy A. Berryhill should be substituted for Acting Commissioner Carolyn W. Colvin as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "ECF No. ___, p. ___."

injury/disentegrated disc, leg problems, shoulder injury, ankle injury, and limited mobility. (ECF No. 10, p. 226). Plaintiff alleges an onset date of February 10, 2012. (ECF No. 10, pp. 18, 213). This application was denied initially and again upon reconsideration. (ECF No. 10 pp. 105-33).

Thereafter, Plaintiff requested an administrative hearing on his denied application, and this hearing request was granted. (ECF No. 10 p. 152). Plaintiff's administrative hearing was held on October 8, 2014, in Little Rock, Arkansas. (ECF No. 10, pp. 43-104). Plaintiff was present via video teleconference from Hot Springs, Arkansas and was represented by Sherri McDonough. *Id.* Plaintiff and vocational expert ("VE") Charles Dwight Turner testified at this hearing. *Id.* At the time of this hearing, Plaintiff was forty-six years old, which is defined as a "younger person" under 20 C.F.R. § 404.1563(c). (ECF No. 10, p. 50). As for his level of education, Plaintiff completed the eleventh grade. *Id.*

After this hearing, on March 4, 2015, the ALJ entered a partially favorable decision denying Plaintiff's application for DIB for a period prior to January 15, 2014. (ECF No. 10, pp. 14-29). In this decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2017. (ECF No. 10, p. 20, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since February 10, 2012, his alleged onset date. (ECF No. 10, p. 20, Finding 2). The ALJ determined Plaintiff had the following severe impairments since the alleged onset date of February 10, 2012: degenerative disc disease, history of right ankle fracture, osteoarthritis in knee and shoulder, post history of subscapularis tear, and obesity. (ECF No. 10, p. 20, Finding 3). The ALJ determined Plaintiff had the following severe impairments beginning on the established onset date of disability of January 15, 2014: degenerative disc disease, history of right ankle fracture, post history of right subscapularis tear, osteoarthritis, obesity, major depressive

2

disorder, and generalized anxiety disorder. (ECF No. 10, p. 21, Finding 4). Despite being severe, the ALJ determined these impairments did not meet or medically equal the requirements of any of the Listings of Impairments in Appendix 1 to Subpart P of Part 404 ("Listings"). (ECF No. 10, pp. 21-22, Finding 5).

The ALJ then considered Plaintiff's Residual Functional Capacity ("RFC") prior to January 15, 2014. (ECF No. 10, pp. 22-26, Finding 6). First, the ALJ evaluated Plaintiff's subjective complaints and found his claimed limitations for the period prior to January 15, 2014, were not entirely credible. *Id.* Second, the ALJ determined Plaintiff retained the RFC to perform:

> sedentary work as defined in 20 C.F.R. § 404.1567(a) except he could only occasionally perform stooping, crouching, kneeling, balancing, and other postural activities. He could reach overhead frequently using the dominant upper extremity. Mentally, he was limited to unskilled work, which is simple, routine, and repetitive tasks with supervision that is simple, direct, and concrete. He also required the option to use an assistive device to and from the workplace.

*Id.* The ALJ then considered Plaintiff's RFC beginning on January 15, 2014. (ECF No. 10, pp. 26-, Finding 7). The ALJ determined Plaintiff retained the RFC to perform:

> sedentary work as defined in 20 C.F.R. § 404.1567(a) except he could only occasionally perform stooping, crouching, kneeling, balancing, and other postural activities. He could reach overhead frequently using the dominant upper extremity. Mentally, he was limited to unskilled work, which is simple, routine, and repetitive tasks with supervision that is simple, direct, and concrete. He also required the option to use an assistive device to and from the workplace. In addition, due to pain and psychologically-based, symptoms, [Plaintiff] would be unable to maintain attention and concentration for up to 20% of an 8-hour day.

*Id.*

The ALJ then determined Plaintiff was unable to perform any Past Relevant Work ("PRW"). (ECF No. 10, p. 27, Finding 8). The VE testified at the administrative hearing regarding this issue. (ECF No. 10, pp. 97-103). Based on Plaintiff's age, education, work experience, and RFC prior to

3

January 15, 2014, the ALJ determined that prior to January 15, 2014, there were jobs existing in significant numbers in the national economy Plaintiff could perform, such as an assembly worker, with approximately one hundred sixty thousand (160,000) jobs in the national economy and approximately fifteen thousand (15,000) jobs in the regional economy, and as an inspector/table worker, with approximately one hundred sixty thousand (160,000) jobs in the national economy and approximately fifteen thousand (15,000) jobs in the regional economy (ECF No. 10, p. 28, Finding 12). Based on Plaintiff's age, education, work experience, and RFC beginning on January 15, 2014, the ALJ determined that beginning on January 15, 2014, there were no jobs existing in significant numbers in the national economy Plaintiff could perform. (ECF No. 10, pp. 28-29, Finding 13). Because jobs existed in significant numbers in the national economy which Plaintiff could perform prior to January 15, 2014, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, prior to January 15, 2014, but became disabled on that date and continued to be disabled through March 4, 2015, the date of the ALJ's decision. (ECF No. 10, p. 29, Finding 14).

Thereafter, on April 3, 2015, Plaintiff requested review of the hearing decision by the Appeals Council. (ECF No. 10, p. 10). The Appeals Council denied Plaintiff's request on March 3, 2016. (ECF No. 10, pp. 5-9). On April 12, 2016, Plaintiff filed the present appeal with this Court. (ECF No. 1). The Parties consented to the jurisdiction of this Court on April 12, 2016. (ECF No. 5). This case is now ready for decision.

2. **Applicable Law:**

In reviewing this case, this Court is required to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *see* 42 U.S.C. § 405(g) (2006); *Ramirez v. Barnhart,* 292 F.3d 576, 583 (8th Cir. 2002). Substantial evidence is less than

4

a preponderance of the evidence, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision. *see Johnson v. Apfel,* 240 F.3d 1145, 1147 (8th Cir. 2001).

As long as there is substantial evidence in the record to support the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome or because the Court would have decided the case differently. *see Haley v. Massanari,* 258 F.3d 742, 747 (8th Cir. 2001). If, after reviewing the record, it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed. *see Young v. Apfel,* 221 F.3d 1065, 1068 (8th Cir. 2000).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *see Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3). A plaintiff must show his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *see* 42 U.S.C. §§ 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. He determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment

5

listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity ("RFC") to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove there are other jobs in the national economy the claimant can perform. *see Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)(4). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *see* 20 C.F.R. §§ 404.1520(a)(4)(v).

**3.     Discussion:**

In his appeal brief, Plaintiff raises three issue for reversal: 1) the ALJ erred by failing to find Plaintiff's impairments met Listings 1.02 and 1.03 prior to January 15, 2014; 2) the ALJ failed to consider the combined effect of Plaintiff's impairments prior to January 15, 2014, and 3) the ALJ failed to incorporate Plaintiff's need to use an assistive device when standing and walking into Plaintiff's RFC. (ECF No. 11). Upon review of these claims, I agree with Plaintiff's third argument and find the ALJ's RFC assessment is not based on substantial evidence in the record as a whole. Accordingly, I will only address this argument for reversal.

RFC is the most a person can do despite that person's limitations. 20 C.F.R. §§ 404.1545. A disability claimant has the burden of establishing his or her RFC. *Vossen v. Astrue*, 612 F. 3d 1011, 1016 (8th Cir. 2010). "The ALJ determines a claimant's RFC based on all relevant evidence in the record, including medical records, observations of treating physicians and others, and the claimant's own descriptions of his or her limitations." *Jones v. Astrue*, 619 F.3d 963, 971 (8th Cir. 2010); *Davidson v. Astrue*, 578 F.3d 838, 844 (8th Cir. 2009). Limitations resulting from symptoms such as pain are also factored into the assessment. 20 C.F.R. §§ 404.1545(a)(3). The United States

6

Court of Appeals for the Eighth Circuit has held a "claimant's residual functional capacity is a medical question." *Miller v. Colvin*, 784 F.3d 472, 479 (8th Cir. 2015) (citing *Lauer v. Apfel*, 245 F.3d 700, 704 (8th Cir. 2001). Therefore, an ALJ's determination concerning a claimant's RFC must be supported by medical evidence that addresses the claimant's ability to function in the workplace. *Perks v. Astrue*, 687 F.3d 1086, 1092 (8th Cir. 2012).

The ALJ specifically endorsed Plaintiff's need to use an assistive device when standing and walking but failed to incorporate those findings into his RFC determination. The ALJ identified Plaintiff used a cane prescribed by a doctor and purchased by Plaintiff's wife. (ECF No. 10, p. 24). On August 26, 2013, Dr. Wilkins conducted a physical examination of Plaintiff and noted Plaintiff walked with an "Antalgic gait with decreased single limb support on [left]. Unable to walk on toes/heels or perform tandem gait." (ECF No. 10, p. 429). Dr. Wilkins stated, "An assistive gait device is warranted for balance support when upright due to pain symptoms." On November 22, 2013, Dr. Singh noted Plaintiff used a single cane for assistance walking. (ECF No. 10, p. 532). The ALJ acknowledged Plaintiff's testimony that he used a cane most of the time after May 20, 2014. (ECF No. 10, p. 25). The ALJ acknowledged Dr. Tilley, Plaintiff's primary care physician, opined on July 22, 2014, Plaintiff "required the use of a cane," and gave Dr. Tilley's opinion "great weight." (ECF No. 10, pp. 25, 557). Treatment notes from Dr. Abraham dated July 24, 2014, indicate Plaintiff "Ambulates with a cane to steady gait." (ECF No. 10, p. 546).

The ALJ's inconsistency is complicated by the VE's testimony. The ALJ's RFC determination for the period prior to January 15, 2014, essentially followed his first hypothetical question to the VE, with the additional requirement that Plaintiff only able to reach overhead frequently with his dominant upper extremity. Upon follow-up examination by Plaintiff's attorney,

7

the VE testified as follows:

> Q Mr. Turner, do the jobs you identified in hypothetical number 1, can you do those if you need a sit/stand option?
> A Yes, you can do those, as long as they stay at the work - at the work – you know, the environment, his work place.
> Q If, while standing, you need to use your assistive device with one hand, could you perform those jobs?
> A No, ma'am.
> Q Would there be any jobs you could perform, if the same limitations as in hypothetical number 1, with the sit/stand option and the use of an assistive device in one hand while standing?
> A I would say no.

(ECF No. 10, p. 103). The VE's testimony is clear, that should Plaintiff's RFC include a requirement that he use an assistive device to stand and walk, there may not be any jobs available in the national economy existing in significant numbers which he could perform.

Based on my examination of the record as a whole, this inconsistency created by the ALJ's summary of the objective medical evidence and endorsement of Plaintiff's need to use an assistive device to stand and walk without incorporation into Plaintiff's RFC for the period prior to January 15, 2014, requires further analysis and clarification by the ALJ. Accordingly, I find the ALJ's decision to deny Plaintiff's application for the period prior to January 15, 2014, was not based on substantial evidence and requires remand for further consideration. Upon remand, the ALJ shall re-evaluate Plaintiff's RFC for the period prior to January 15, 2014, with specificity as to whether Plaintiff required the use of a cane or other assistive device to stand or walk and include any credible limitations supported by the record in a hypothetical question posed to a VE to determine whether Plaintiff could perform jobs that exist in significant numbers in the national economy.

**4.	Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is not supported by substantial evidence and should be reversed and remanded.[3] A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 13th day of June 2017.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
U. S. MAGISTRATE JUDGE

---

[3] No part of this remand should be interpreted as an instruction that disability benefits be awarded. Upon remand, the ALJ should further evaluate the evidence and make a disability determination with regard to the period prior to January 15, 2014, subject to this Court's later review.